FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 0 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01564-BNB

JOHN STERLING COAD,

    Plaintiff,

v.

JOHN DOE, individually and in his official capacity as Shift Commander at C.T.C.F. Prison, and
JOHN DOE, individually and in his official capacity as Medical Supervisor at C.T.C.F. Prison.

    Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, John Sterling Coad, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Coad initiated this action by filing *pro se* a prisoner complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 for money damages and unspecified declaratory relief.

Mr. Coad has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court must construe Mr. Coad's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Coad will be ordered to file an amended complaint.

Mr. Coad alleges that on December 13, 2009, he experienced a mental-health

emergency, and was placed in an isolation cell equipped with a mattress, observation camera, speaker, and call button. He further alleges that two days later, on December 15, he became severely agitated, began banging his head against hard surfaces, used the call button to ask to speak with a mental-heath professional, and not until two to three hours later was he placed in an orange jumpsuit and transported to a Cañon City hospital. Following a brain scan and a determination that he was not injured, he was returned to the same cell, and the next day, on December 16, he began banging his head again and asking for an intervention. He complains there was no intervention until he was transported to a hospital in Pueblo, Colorado, where a brain scan revealed he had suffered a concussion. He remained hospitalized and on drugs for three days with a swollen head, apparently as a result of his head banging.

He is suing the prison shift commander and medical supervisor, who he contends were at the prison when he was returned from the hospital on December 15, because he argues they were responsible for not placing him in restraints for his own protection. He does not allege whether these defendants were the individuals who failed to respond to his requests for a mental-health assistance.

Mr. Coad must allege specific facts in his amended complaint that demonstrate how each named defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Coad must name and show how the named defendants caused a deprivation of his federal rights. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985).

There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010) (Tymkovich, J., concurring), *cert. denied*, 2011 WL 1529753 (U.S. Apr. 25, 2011).

Mr. Coad may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his constitutional rights. However, if Mr. Coad uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

The amended complaint that Mr. Coad files must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

3

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Coad to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Accordingly, it is

ORDERED that Plaintiff, John Sterling Coad, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Coad, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form, one of which is to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901

Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that if Mr. Coad fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 19th day of July, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01564-BNB

John Sterling Coad
Prisoner No. 142623
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on July 20, 2011.

                                  GREGORY C. LANGHAM, CLERK

                            By: _____
                                              Deputy Clerk