IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01564-PAB-CBS

JOHN STERLING COAD,
    Plaintiff,
v.

TRAVIS WATERS, medical supervisor at C.T.C.F. prison, individually and in his official capacity,
    Defendant.

_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Mr. Coad's request to amend his complaint (filed August 11, 2011) (Doc. # 22); (2) Mr. Coad's "Motion to Amend Complaint" (filed November 8, 2011) (Doc. # 36); and (3) Mr. Coad's request for appointed counsel (filed November 8, 2011) (Doc. # 37). Pursuant to the Order of Reference dated August 10, 2011 (Doc. # 19) and the memoranda dated August 16, 2011 and November 9, 2011 (Docs. # 23 and # 38), these matters were referred to the Magistrate Judge. The court has reviewed the matters, the entire case file, and the applicable law and is sufficiently advised in the premises.

1.    Motion to Amend

    Mr. Coad seeks to amend his Amended Complaint to include additional Defendants "and to describe their involvement." (*See* Docs. # 22 and # 36). Mr. Coad may amend his "pleading once as a matter of course . . . within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). While no responsive pleading or Rule 12 motion has yet been filed, Mr. Coad has already amended his Complaint once. Further,

Mr. Coad has not submitted a copy of his proposed Second Amended Complaint. The court may deny a motion to amend a complaint for failure to submit the proposed amended pleading. *See Lambertson v. Utah Dept. of Corrections*, 79 F.3d 1024, 1029 (10th Cir. 1996) (district court did not abuse its discretion in denying plaintiff's motion to amend for failure to provide a copy of the proposed amended pleading, among other things); *Bownes v. City of Gary, Indiana*, 112 F.R.D. 424, 425 (N.D. Ind. 1986) ("common sense" dictates that a party seeking leave to amend should accompany his motion with a copy of the proposed amended complaint); *Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981) (where plaintiff sought leave to amend, a copy of the proposed amended pleading must be attached to the motion); *Brown v. Harris*, 2006 WL 3833938 at * 2 (D. Colo. Dec. 28, 2006) (concluding "that it is entirely appropriate to require Plaintiff to set forth all of his original and supplemental allegations and claims in a single document") (citation omitted).[1] The court will deny without prejudice Mr. Coad's request to amend his pleading and permit Mr. Coad to refile his request to amend, accompanied by a copy of his proposed second amended pleading.

2. Motion for Appointment of Counsel

Mr. Coad was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 on June 22, 2011. (See Doc. # 3). Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer. *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case"). However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel." *Mallard v. United States*

---

[1]   A copy of this unpublished decision is attached to this Order.

*District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

Whether to request counsel is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted). In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

The court has considered Mr. Coad's request for appointed counsel and the appropriate factors. As a pro se litigant, Mr. Coad is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Mr. Coad has thus far adequately presented his claims unaided by counsel. Contrary to Mr. Coad's characterization, the issues in the case are not particularly complex. Mr. Coad's concerns regarding limited access to the legal materials may be addressed by extensions of time, as needed. Mr. Coad's concerns regarding a "trial in this case, . . . conflicting testimony," presentation of evidence, and cross-examination of witnesses are premature at his stage of the litigation. Mr. Coad has not presented and the court concludes that there is not an adequate basis for the court to request counsel to volunteer to represent him.

Accordingly, IT IS ORDERED that:

1. Mr. Coad's request to amend his complaint (filed August 11, 2011) (Doc. # 22) is DENIED WITHOUT PREJUDICE.

2. Mr. Coad's "Motion to Amend Complaint" (filed November 8, 2011) (Doc. # 36) is DENIED WITHOUT PREJUDICE.

3. Mr. Coad may refile a request to amend his Amended Complaint accompanied by a copy of his proposed Second Amended Complaint.

4. Mr. Coad's request for appointed counsel (filed November 8, 2011) (Doc. # 37) is DENIED.

DATED at Denver, Colorado, this 10th day of November, 2011.

BY THE COURT:


s/Craig B. Shaffer
United States Magistrate Judge