IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01564-PAB-CBS

JOHN STERLING COAD,
    Plaintiff,
v.

TRAVIS WATERS,
    Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on: (1) Defendant's "Motion to Dismiss" (filed November 15, 2011) (Doc. # 40); and Plaintiff's "Motion for Leave to File 2nd Amended Complaint" (filed January 6, 2012) (Doc. # 60). Pursuant to the Order of Reference dated August 10, 2011 (Doc. # 19) and the memoranda dated November 16, 2011 (Doc. # 41) and January 9, 2012 (Doc. # 61), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, Mr. Coad's Response (filed December 1, 2011) (Doc. # 49), Defendant Waters' Response (filed January 26, 2012) (Doc. # 63), Defendant Waters' Reply (filed December 15, 2011) (Doc. # 52), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

    A.    Background

Mr. Coad is currently incarcerated at the Colorado State Penitentiary ("CSP") in the custody of the Colorado Department of Corrections ("CDOC"). *See* Amended Complaint ("AC") (Doc. # 12 at 2 of 8). Mr. Coad alleges two claims for relief pursuant to 42 U.S.C. § 1983 for "deliberate indifference to a serious medical need" and "reckless disregard to federally

1

protected rights." (*See* Doc. # 12 at 4-5 of 8). The events forming the basis for Mr. Coad's claims occurred on December 15 and 16, 2009, while he was housed at the Colorado Territorial Correctional Facility ("CTCF"). Mr. Coad was on mental health observation and placed in an isolated cell. *Id.* at 3. On December 15, 2009, he "began to repeatedly beat [his] head against [the] concrete walls and floor due to severe agitation/mental health disturbance." *Id.* Mr. Coad alleges that he made CDOC staff aware of the situation by using the call button and that two or three hours later he was taken to the hospital. *Id.* Mr. Coad states that he suffered no injury and was returned to the isolation cell that same day. *Id.* The next day, December 16, 2009, Mr. Coad "repeated the head banging until [ ] after a delay of at least two to three hours, [he] was taken to [the] hospital." *Id.* He alleges that as a result of the second incident of head banging, he was "admitted to the hospital for [ ] three days . . . . [a] brain scan uncovered a concussion, and [he] lost all sense of smell." *Id.* Mr. Coad seeks monetary damages as relief. (*See id.* at 8 of 8).

    B.    Defendant's Motion to Dismiss

Defendant moves to dismiss the AC pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Defendants' assertion of Eleventh Amendment immunity constitutes a challenge to the allegations of subject matter in the AC. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) ("an assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court").[1]

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." The court must accept the well-pleaded allegations of the

---

[1] In the AC, Mr. Coad names Defendant Waters in both his official and individual capacity. (See Doc. # 12 at 1 of 8). In his Response, Mr. Coad clarifies that he is suing Defendant Waters in his individual capacity only (*see* Doc. # 49 at 1 of 4), thus mooting the portion of Defendant's Motion that is based on Rule 12(b)(1).

complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. A complaint must set forth sufficient facts to elevate a claim above the level of mere speculation. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotation marks and citation omitted).

Because Mr. Coad appears pro se, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (court's role is not to act as pro se litigant's advocate); *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616-18 (1979). "In order to successfully state a cause of action under section 1983, [Mr. Coad] must allege . . . the deprivation of a federal right and that

the alleged action was taken under color of state law." *Southern Disposal, Inc. v. Texas Waste Management*, 161 F.3d 1259, 1265 (10th Cir. 1998) (internal quotation marks and citation omitted).  Mr. Coad is suing Defendant Waters in his individual capacity only.  (*See* Doc. # 49 at 1 of 4).  An individual capacity suit pursuant to § 1983 seeks to impose personal liability upon a government official for actions he or she takes under color of state law.  *Graham*, 473 U.S. at 165-67.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII. It is well-established that the Eighth Amendment prohibits prison officials from being deliberately indifferent to the serious medical needs of prisoners in their custody. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment.") (internal quotation marks and citation omitted).  "This is true whether the indifference is manifested by prison doctors in their response to the prisoners' need or by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."  *Id.*  Serious medical needs include psychological or psychiatric care.  *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) ("The states have a constitutional duty to provide necessary medical care to their inmates, including psychological or psychiatric care.").  Failure to protect an inmate from self-harm may constitute deliberate indifference in violation of the Eighth Amendment.  *See Brumfield v. Hollins*, 551 F.3d 322, 327 (5th Cir. 2008) (applying a prisoner's Eighth Amendment right to be protected from harm to a prisoner's self-inflicted injury); *Belcher v. City of Foley, Alabama*, 30 F.3d 1390, 1396 (11th Cir. 1994) ("Under the Eighth Amendment, prisoners have . . . a right to be protected from self-inflicted injuries."); *Reed v. Woodruff County, Ark.*, 7 F.3d 808, 810 (8th Cir. 1993) ("Our cases apply the same standard to a

prisoner's right to be protected from self-inflicted harm or suicide."); *Lee v. Downs*, 641 F.2d 1117, 1121 (4th Cir. 1981) (explaining that "prison officials have a duty to protect prisoners from self-destruction or self-injury"). "Pretrial detainees and other prisoners have the right to receive medical treatment for illness and injuries, which encompasses a right to psychiatric and mental health care, and a right to be protected from self-inflicted injuries, including suicide . . . A prison official may be held liable for failing to prevent harm to a prisoner if he is deliberately indifferent to the prisoner's health or safety." *Gish v. Thomas*, 516 F.3d 952, 954 (11th Cir. 2008) (internal quotation marks and citation omitted).

However, prison officials are not required to unerringly detect the tendency for self-harm in prisoners. *See Calton v. Livingston*, 2011 WL 2118700, at *14 (S.D. Tex. May 27, 2011) ("even if the defendants were negligent in failing to assess or monitor Calton properly, this is insufficient to demonstrate liability under the Eighth Amendment standard").[2] Deliberate indifference requires a higher degree of fault than negligence or even gross negligence. *Berry v. City of Muskogee, Oklahoma*, 900 F.2d 1489, 1495-96 (10th Cir. 1990) (citation omitted). An official acts with deliberate indifference if his or her conduct "disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." *Berry*, 900 F.2d at 1496. The level required to make out a claim for deliberate indifference is "more blameworthy than negligence," requiring "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). "To be guilty of deliberate indifference, the defendant must know he is creating a substantial risk of bodily harm." *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (internal quotation marks and citation omitted).

An Eighth Amendment violation thus requires both a sufficiently serious medical need and deliberate indifference by the health-care provider. *Gee v. Pacheco*, 627 F.3d 1178, 1192

---

[2] Copies of unpublished cases cited are attached to this Recommendation.

(10th Cir. 2010) (citation omitted).  Mr. Coad alleges that Defendant Waters "made a choice not to have me placed in restraints during the three approx. hours I was inflicting self-injury on 12-15-09, when I returned from the first hospital visit on 12-15-09, and during the three approx. hours I was inflicting self-injury on 12-16-09."  (See Doc. # 12 at 4 of 8).  Mr. Coad alleges that "[a]ny reasonable person would have known that restraining me to prevent me from injuring myself was appropriate and necessary."  *See id.*

Defendant first argues that Mr. Coad has not alleged substantial harm.  However, Mr. Coad alleges that he "experienced extreme pain and was admitted to the hospital for approx three days," had a concussion, and "lost of all sense of smell" which to the date of the AC has not returned.  (*See* Doc. # 12 at 3 of 8).  "The substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (internal quotation marks and citation omitted).  The court concludes that Mr. Coad has sufficiently alleged substantial harm.

To the extent that Mr. Coad contends he should have been placed in restraints, his disagreement with the course of treatment chosen by Defendant, the medical director, does not amount to deliberate indifference under the Eighth Amendment.  Mr. Coad alleges that "a reasonable person would conclude that this medical omission exceeds a mere indifference, and which is grossly outside established medical procedures." (*See* Doc. # 12 at 6 of 8). Allegations that state no more than a claim of disagreement between doctor and patient as to the proper course of action do not state a constitutional claim.  *Davis v. Lester*, 156 F. Supp. 2d 588, 598 (W.D. Va. 2001).  "Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation."  *Gee*, 627 F.3d at 1192 (citations omitted).  To the extent Mr. Coad's claims are based on his disagreement with

the course of treatment on December 15 and 16, 2009, they may properly be dismissed for failure to state an Eighth Amendment claim.

Further, a prisoner's complaint directed at the wisdom or quality of the medical care he received in prison, even if that treatment is so negligent as to amount to medical malpractice, "does not give rise to a constitutional violation." *Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006). Even if Defendant was negligent in failing to restrain Mr. Coad, this is insufficient to state a claim under the Eighth Amendment. To the extent that Mr. Coad's claims are based on negligence, they are properly dismissed.

Mr. Coad argues that this is not a case of disagreement over treatment, but rather a case of not being given medical treatment at all, to prevent injury." (*See* Doc. # 49 at 3 of 4). Mr. Coad alleges that had Defendant "restrained [him] starting on the first day, no additional self-harm would have been possible." *Id.* Personal participation by the named defendants is an essential allegation in a civil rights action. *See Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001) (for § 1983 claim, affirmative link between the defendant's conduct and any constitutional violation "must be alleged in the complaint as well as proven at trial"); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim."); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996) ("personal participation is an essential element in a § 1983 claim") (internal quotation marks and citation omitted). While Mr. Coad is suing Defendant in his individual capacity, he does not allege that he had any personal contact with Defendant. Mr. Coad identifies Defendant as "medical supervisor" at CTCF. (See Doc. # 12 at 1-2 of 8). He alleges only conclusorily that Defendant "was responsible for my medical care on the dates in question and directly participated in my medical care." (See Doc. # 12 at 4 of 8). Mr. Coad alleges that Defendant "was the one who made a choice not to have me placed in restraints,"

7

but does not allege any specific conduct of Defendant. (See Doc. # 12 at 3-5 of 8). Mr. Coad does not allege that Defendant monitored or observed him in the isolation cell or ordered him to be taken to the hospital. He does not allege what knowledge Defendant had of a substantial risk to his health or safety. Other than a conclusory allegation, Mr. Coad presents no facts from which it may be inferred that Defendant personally participated in a violation of his Eighth Amendment rights. For this reason, Mr. Coad's claims may properly be dismissed.

As to the subjective component of his Eighth Amendment claim, that Defendant was deliberately indifferent to his serious medical needs, the facts as alleged by Mr. Coad do not state a claim that Defendant disregarded a risk to his health or safety. "[I]n a case where the medical need results in self-injury, a defendant is only liable when she deliberately disregards a *strong likelihood* rather than a mere possibility that the self-infliction of harm will occur." *Jessup v. Miami-Dade County*, 697 F. Supp. 2d 1312, 1320 (S.D.Fla. 2010) (emphasis in original) (citation omitted). *See also Torraco v. Maloney*, 923 F.2d 231, 236 (1st Cir. 1991) ("A finding of deliberate indifference requires a strong likelihood, rather than a mere possibility, that self-infliction of harm will occur.") (citing *State Bank of St. Charles v. Camic*, 712 F.2d 1140, 1146 (7th Cir. 1983) ("deliberate indifference standard . . . is met only if there were a strong likelihood, rather than a mere possibility, that violence would occur.")).

The allegations do not support a claim that Defendant deliberately disregarded a strong likelihood that self-infliction of harm would occur absent placing him in restraints on December 15, or 16, 2009. Mr. Coad was already "on a mental health observation in isolation cell with a camera." (*See* Doc. # 12 at 3 of 8). On December 15, 2009, Mr. Coad was taken to the hospital within two or three hours of beginning "to repeatedly bang his head against concrete walls and floor due to severe agitation/mental health disturbance." (*See id.*). He "was taken to a hospital in Cañon City and then returned the same day, to the same cell, the hospital having

found no injury." (*See id.*). Mr. Coad's allegations indicate that he did not harm himself with his head banging behavior on December 15, 2009, as no injury was found when he was examined at the hospital. Defendant had notice only that Mr. Coad's behavior had not caused any injury.

Upon his return from the hospital, Mr. Coad was returned to the isolation cell for observation. That Mr. Coad was returned to the isolation cell for observation without restraints does not support a claim that Defendant disregarded a risk to his safety, but rather that Defendant attempted to monitor and prevent him from causing himself further harm. The absence of any injury to Mr. Coad on December 15, 2009 provided no notice to Defendant of a known risk to Mr. Coad's health or safety or that any additional action was required based on his similar behavior on December 16, 2009. When he "repeated the head banging again" on December 16, 2009, Mr. Coad was taken within two to three hours to a hospital in Pueblo, where he was treated. (*See* Doc. # 12 at 3 of 8). Mr. Coad's own pleadings reveal that Defendant took precautions, including mental health observation in an isolation cell with a camera and two trips to the hospital within two days, to prevent him from harming himself. Where preventive measures are taken, the question is only whether the measures taken were so inadequate as to be deliberately indifferent to the risk. *Hofer v. City of Auburn, Ala.*, 155 F. Supp. 2d 1308, 1313 (M.D. Ala. 2001). The precautions alleged do not display a conscious disregard of risk to Mr. Coad; rather, they reveal the recognition of potential risk and implementation of reasonable measures to address such risk. While the precautions taken ultimately failed to completely prevent injury to Mr. Coad, the allegations cannot support a conclusion that the preventive measures were deliberately indifferent. Mr. Coad's pleadings fail to state a claim that Defendant was deliberately indifferent to his medical needs.

Defendant raises the defense of qualified immunity to Mr. Coad's claims. Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007). "In resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 (10th Cir. 2011) (internal quotation marks and citation omitted). "[C]ourts have discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted).

As the court has concluded in this Recommendation that Mr. Coad fails to state any constitutional violation, the court need not reach the "clearly established" prong of qualified immunity to conclude that dismissal is correctly granted in favor of Defendant. *See Wilder*, 490 F.3d at 815 (instructing district court on remand to enter judgment in favor of defendant on basis of qualified immunity, where plaintiff failed to carry his burden to show violation of a constitutional right). Where no Eighth Amendment violation is stated, "the inquiry ends and the officer is entitled to qualified immunity." *Wilder*, 490 F.3d at 813.

### C.    Plaintiff's Motion to Amend

After Defendant filed his Motion to Dismiss, Mr. Coad moved to amend his Amended Complaint. Motions to amend are committed to the trial court's discretion. *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). While Fed. R. Civ. P. 15 requires leave to amend be given freely, *see* Fed. R. Civ. P. 15(a)(2), "[t]he broad permissive language

10

appearing in both the rule and the cases does not mean that there are no standards by which the trial court is to be guided." *Moore v. U.S./U.S. Dept. of Agriculture Forest Service*, 864 F. Supp. 163, 164 (D. Colo. 1994) (internal quotation marks and citation omitted). The requirement that leave to amend be given freely does not apply where an amendment obviously would be futile. *T.V. Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citations omitted). Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted. *T.V. Communications Network, Inc.*, 964 F.2d at 1028. *See also Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (internal quotation marks and citation omitted); *Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir. 1997) (affirming district court's denial of motion to amend based on futility); *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) (a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted); *Schepp v. Fremont County*, 900 F.2d 1448, 1451 (10th Cir. 1990) (A motion to amend may be denied as futile "if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim."); *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001) (In order to determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)).

Mr. Coad seeks to amend the Amended Complaint to include two additional Defendants, Kathy McBride and Linda Montoya, who did not order "4 point or other physical restraints." (*See* tendered [Second] Amended Complaint (Doc. # 55) at 4 of 7). The court concludes that amendment would be futile, as Mr. Coad's proposed amendment suffers from

the same deficiencies that the AC has. To the extent Mr. Coad's claims are based on his disagreement with the wisdom or quality of the course of treatment provided by Ms. McBride and Ms. Montoya on December 15 and 16, 2009, they may properly be dismissed for failure to state an Eighth Amendment claim. Allegations of disagreement with medical care or negligent medical care do "not give rise to a constitutional violation." *Self v. Crum*, 439 F.3d at 1233. Nor do the allegations support a claim that Ms. McBride or Ms. Montoya deliberately disregarded a risk to Mr. Coad's health or safety by failing to place him in restraints on December 15, or 16, 2009. He alleges that "[a] review of the records from 12-15-09 -- 12-16-09 shows that there are three medical service providers, Travis Waters, Kathy McBride and Linda Montoya, none of which ordered 4 point restraints . . . ." (*See* Doc. # 55 at 4 of 7). He alleges that an Ambulatory health record prepared by Ms. Montoya dated December 15, 2009 at 02:50 stated "watch him, . . . no need to admit to inf, or transport to ER at this time" and "noted red raised area (lt) side of head." (See Doc. # 55 at 4 of 7). He further alleges that an "Ambulatory health record" prepared by Defendant Waters dated December 15, 2009 at 09:46 stated "patient was sent to ER to rule out medical issues" and "will continue to monitor pt as indicated while in the infirmary [sic]." (*See id.*). Mr. Coad has alleged that he was uninjured when he returned from the hospital on December 15, 2009 and that he sustained his injuries on December 16, 2009, after these two Ambulatory records were prepared. Thus, his proposed amendment does not state a plausible claim as to Defendant Waters and Ms. Montoya. Further, Mr. Coad's own pleadings suggest that Ms. Montoya was monitoring him as a precaution. Such an allegation does not support a claim for deliberate indifference to a strong likelihood of harm to his health or safety. Finally, Mr. Coad alleges that an Ambulatory health record prepared by Ms. McBride dated December 15, 2009 stated that she "was notified 12/15/09 at approx 23:30 by STM-ED that pt was to be transported to ALCS team to SMC with

12

a brain bleed [sic]." The proposed amendment alleges only that Ms. McBride reported his transport to the hospital and does not allege that Ms. McBride had notice of a risk to Mr. Coad's health or safety on December 16, 2009. In sum, because Mr. Coad's proposed Second Amended Complaint fails to state a claim upon which relief can be granted, his Motion to Amend is properly denied as futile.

D. Conclusion

IT IS RECOMMENDED that:

1. Defendant's Motion to Dismiss (filed November 15, 2011) (Doc. # 40) be GRANTED and this civil action be dismissed for failure to state a claim upon which relief can be granted.

2. Plaintiff's "Motion for Leave to File 2nd Amended Complaint" (filed January 6, 2012) (Doc. # 60) be DENIED.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  See *Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999). (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morals-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED this 14th day of June, 2012.

BY THE COURT:

    s/Craig B. Shaffer    
United States Magistrate Judge