IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01564-PAB-CBS

JOHN STERLING COAD

      Plaintiff,

v.

TRAVIS WATERS, Medical Supervisor at C.T.C.F. Prison, individually and in his official capacity,

      Defendant.

---

## ORDER

---

      This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 66] filed on June 14, 2012.  The magistrate judge recommends that the Court grant defendant's motion to dismiss [Docket No. 40] and deny plaintiff's motion to amend his complaint [Docket No. 60].  Plaintiff filed objections to the Recommendation.  The Court, therefore, reviews this matter de novo, *see* Fed. R. Civ. P. 72(b)(3), and, in light of plaintiff's pro se status, liberally construes his filings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

      Plaintiff is in the custody of the Colorado Department of Corrections ("CDOC") at the Colorado State Penitentiary.  In December 2009, plaintiff was being held at the CDOC's Colorado Territorial Correctional Facility ("CTCF").  Plaintiff alleges that, on December 15, 2009, he "was on a mental health observation in [an] isolation cell with a camera, speaker box and call button, and mattress" when he "began to repeatedly beat

[his] head against concrete walls and floor due to severe agitation/mental health disturbance."  Docket No. 12 at 3.  After two or three hours of plaintiff doing so, CTCF medical staff transported plaintiff to the hospital.  The hospital staff identified no injury and sent plaintiff back to CTCF, where he was returned to the same observation cell. Plaintiff apparently did not attempt to harm himself again on December 15.

The following day, while still in the observation cell, plaintiff again began to bang his head against the concrete surfaces in the cell for two or three hours before CTCF staff again sent him to the hospital.  Plaintiff alleges that he experienced "extreme pain" and stayed in the hospital for three days, having been diagnosed with a concussion and with losing his sense of smell.[1]

Plaintiff sued defendant Travis Waters, the Medical Supervisor at C.T.C.F., pursuant to 42 U.S.C. § 1983, alleging that Mr. Waters, acting in both his individual and official capacities, violated plaintiff's Eighth Amendment rights when he failed to place him in four-point restraints for his own protection during and between the incidents of head banging.[2]  In response to defendant's motion to dismiss, plaintiff makes clear that he no longer wishes to pursue his claim against Mr. Waters in his official capacity.

"An Eighth Amendment claim has both an objective component – whether the deprivation is sufficiently serious – and a subjective component – whether the official

---

[1]Plaintiff alleges that his sense of smell has yet to return.

[2]Plaintiff brings two claims against Mr. Waters, with the first entitled "[d]eliberate indifference to a serious medical need" and the second entitled "reckless disregard to federally protected rights."  Docket No. 12 at 4-5.  The Court construes both claims as alleging violation of the Eighth Amendment based Mr. Waters' failure to have plaintiff restrained.

acted with a sufficiently culpable state of mind." *Perkins v. Kansas Dep't of Corr.*, 165

F.3d 803, 809 (10th Cir. 1999). Plaintiff must allege facts that indicate that he suffered

a "sufficiently serious" harm (the objective element of a deliberate indifference claim)

and that Mr. Waters knew of and disregarded "an excessive risk" to the inmate's health

(the subjective element). *See Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005); *see

also Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

　　　In regard to December 15, 2009, plaintiff does not allege that he experienced

extreme pain or suffered any injury, thus failing to adequately plead an Eighth

Amendment claim arising from the events of that day. Therefore, plaintiff's complaint

will be dismissed to that extent. Furthermore, to the extent plaintiff's motion to amend

his complaint seeks to add Linda Montoya, another CTCF medical provider, as a

defendant,[3] it will be denied because his allegations regarding her involvement are

limited to December 15, 2009. *See Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199

(10th Cir. 2006) ("A proposed amendment is futile if the complaint, as amended, would

be subject to dismissal.").

　　　Turning to the incident on December 16, 2009, plaintiff alleges that he suffered

extreme pain, a concussion, and has yet to regain his sense of smell. The Court

agrees with the Recommendation that these allegations satisfy the objective element of

an Eighth Amendment claim. The Court, however, concludes that plaintiff has also

adequately alleged that Mr. Waters was deliberately indifferent to an excessive risk to

---

[3]Plaintiff filed an Amended Prisoner Complaint [Docket No. 55] without leave on December 21, 2011. On January 4, 2012, the magistrate judge granted plaintiff leave to file a motion to amend his complaint and to treat Docket No. 55 as his proposed amended complaint. *See* Docket No. 59.

plaintiff.  Mr. Waters argues that plaintiff merely disagrees about the adequacy of the

medical care that was provided.  *See Henderson v. Sec'y of Corr.*, 518 F.2d 694, 695

(10th Cir. 1975) (stating that a "prisoner's right is to medical care [–] not to the type or

scope of medical care which he personally desires.") (citation omitted); *Perkins*, 165

F.3d at 811 ("[A] prisoner who merely disagrees with a diagnosis or a prescribed course

of treatment does not state a constitutional violation.").  Plaintiff, however, alleges that,

while on mental health observation, he was permitted to bang his head against a

concrete wall for two to three hours.  Furthermore, plaintiff contends, in his objection to

the Recommendation, that his medical records indicate that Mr. Waters provided

medical care to him on December 16, 2009.  *See* Docket No. 69 at 1-2.  At this stage of

the proceedings, the Court is satisfied that plaintiff has pled sufficient facts supporting

the inference that Mr. Waters was deliberately indifferent to an excessive risk to his

health on December 16, 2009.

Mr. Waters has asserted the defense of qualified immunity.  Under the doctrine

of qualified immunity, "government officials performing discretionary functions generally

are shielded from liability for civil damages insofar as their conduct does not violate

clearly established statutory or constitutional rights of which a reasonable person would

have known."  *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  Upon a public official's

assertion of a qualified immunity defense, plaintiff bears a "heavy burden" under a two-

pronged analysis.  *Buck v. City of Albuquerque,* 549 F.3d 1269, 1277 (10th Cir. 2008).

Under the first prong of the analysis, the plaintiff is required to "establish that the

defendant's actions violated a constitutional or statutory right."  *Smith v. Cochran,* 339

F.3d 1205, 1211 (10th Cir. 2003) (quoting *Holland ex rel. Overdorff v. Harrington,* 268

F.3d 1179, 1185 (10th Cir. 2001)).  The determination of whether a violation occurred

under the first prong of the qualified immunity analysis turns on substantive law

regarding that right.  *See, e.g., Casey v. City of Fed. Heights*, 509 F.3d 1278, 1282-83

(10th Cir. 2007).  As stated above, the Court concludes that plaintiff has adequately

alleged violation of his Eighth Amendment rights on December 16, 2009.

Under the second prong, the plaintiff must show that the right at issue was

"clearly established" at the time of the defendant's alleged misconduct.  *Saucier v. Katz,*

533 U.S. 194, 201 (2001), *abrogated on other grounds by Pearson v. Callahan*, 555

U.S. 223 (2009).  "A plaintiff can demonstrate that a constitutional right is clearly

established by reference to cases from the Supreme Court, the Tenth Circuit, or the

weight of authority from other circuits."  *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir.

2008) (quoting *Anderson v. Blake*, 469 F.3d 910, 914 (10th Cir. 2006)) (internal

quotation marks omitted).[4]  "The relevant, dispositive inquiry in determining whether a

right is clearly established is whether it would be clear to a reasonable officer that his

---

[4]In *Prison Legal News, Inc. v. Simmons*, 401 F. Supp. 2d 1181, 1189-90 (D. Kan. 2005), the court noted that the quoted language "from other circuits" appears to be a misquote of the Tenth Circuit's decision in *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992), where the court used the language "from other courts."  That misquote first appeared in *Murrell v. School District No. 1, Denver, Colo.*, 186 F.3d 1238, 1251 (10th Cir. 1999), and has since appeared repeatedly in Tenth Circuit cases.  The *Prison Legal News* court, though concluding that the "misquote was merely a scrivener's error" and was not meant as a substantive change to the legal standard, added that "the fact that this error has not been discussed in a reported case from the Tenth Circuit suggests that the error may not be very significant."  401 F. Supp. 2d at 1191.  "In other words, although the circuit may be willing to consider cases from courts beyond the federal appellate courts, the focus should normally be on cases decided by other circuits."  *Id.*

conduct was unlawful in the situation he confronted." *Casey,* 509 F.3d at 1283-84

(quoting *Saucier,* 533 U.S. at 202).

Mr. Waters argues that "no Supreme Court or Tenth Circuit decision . . . makes it

unlawful for Mr. Waters to send a patient like Coad to the hospital in response to his

medical situation." Docket No. 40 at 14.  The Court does not construe plaintiff's

complaint as alleging that being sent to the hospital was unlawful.  Mr. Waters also

contends that there is "no decision mandating when an inmate patient should be placed

in restraints in order to avoid running afoul of the Eighth Amendment," and, therefore,

concluding that "there is no constitutional right to a particular course or type of

treatment."  *Id.*  A plaintiff, however, need not identify "a case directly on point"; rather

"existing precedent must have placed the statutory or constitutional question beyond

debate."  *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011).  The Court rejects that, in

the absence of a decision specifically demarcating how long an inmate may be

observed banging his head against a concrete wall before being restrained, reasonable

officials could reach different conclusions or that plaintiff alleges a lapse in judgment.

*See Malley v. Briggs*, 475 U.S. 335, 343 (1986) (stating that qualified immunity provides

"ample room for mistaken judgments").  Mr. Waters does not contend that a prisoner's

right to be free from serious harm includes self-inflicted injuries, and the Court

concludes that no reasonable prison medical staff member would believe it permissible

to observe an inmate banging his head against a concrete wall over the course of as

many as three hours with such force as to result in a concussion and the loss of smell

without intervening in some fashion.  *See Blake,* 469 F.3d at 914 ("[A] general

6

constitutional rule that has already been established can apply with obvious clarity to the specific conduct in question, even though the very action in question has not previously been held unlawful." (internal quotation marks and alteration marks omitted)); *see Buck,* 549 F.3d at 1290 ("The law is clearly established either if courts have previously ruled that materially similar conduct was unconstitutional, or if a general constitutional rule already identified in the decisional law applies with obvious clarity to the specific conduct at issue." (internal quotation marks and alteration marks omitted)).[5]

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 66] is ACCEPTED in part and REJECTED in part.  It is further

**ORDERED** that defendant's motion to dismiss [Docket No. 40] is GRANTED in part and DENIED in part.  To the extent it is based on the events of December 15, 2009, plaintiff's complaint is dismissed.  It is further

**ORDERED** that plaintiff's motion to amend his complaint [Docket No. 60] is GRANTED in part and DENIED in part.  Plaintiff is granted leave to file, within 30 days of entry of this order, an amended complaint based upon the events of December 16, 2009 which names Travis Waters and Kathy McBride as defendants.

---

[5]In his motion to amend his complaint, plaintiff cites medical records indicating that Kathy McBride, a CTCF medical provider, was involved in his care on December 16, 2009.  The Court, therefore, will permit plaintiff to amend his complaint in order to add her as a defendant.

DATED August 28, 2012.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge