IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01564-PAB-CBS

JOHN STERLING COAD,
    Plaintiff,
v.

TRAVIS WATERS, individually, and
KATHY MCBRIDE, individually,
    Defendants.

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court regarding Plaintiff Mr. Coad's failure to appear at the Status Conference held on January 29, 2013, failure comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and court orders, failure to respond to the court's January 30, 2013 Order to Show Cause, failure to file notice with the court pursuant to D.C. COLO. LCivR 10.1 M. within five days after any change of address, and failure to prosecute this action. Pursuant to the Order of Reference dated August 10, 2011 (Doc. # 19), this civil action was referred to the Magistrate Judge to conduct proceedings pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

    Proceeding *pro se* and *in forma pauperis*, Mr. Coad filed his initial Prisoner Complaint on June 15, 2011. (*See* Doc. # 1). Mr. Coad filed his Amended Prisoner Complaint on July 26, 2011. (*See* Doc. # 12). On August 28, 2012, District Judge Brimmer entered an Order dismissing the Amended Complaint "to the extent it is based on the events of December 15, 2009." (*See* Doc. # 71 at 7 of 8). District Judge Brimmer granted Mr. Coad leave to file a

1

Second Amended Complaint "based upon the events of December 16, 2009 which names Travis Waters and Kathy McBride as defendants." (*See id.*). Mr. Coad filed his Second Amended Complaint on September 18, 2012. (*See* Doc. # 72). Defendants filed their Answers on October 2, 2012 and October 16, 2012. (*See* Docs. # 77, # 82).

The court held a second Preliminary Scheduling Conference on November 16, 2012. (*See* Courtroom Minutes/Minute Order (Doc. # 84); *see also* Doc. # 59 (Courtroom Minutes/Minute Order of Preliminary Scheduling Conference held on January 4, 2012)). Defendants appeared through counsel and Mr. Coad appeared via telephone. (*See id.*). The court set a schedule in the case. (*See id.*). During the hearing, Mr. Coad mentioned that based on his completion of his Department of Corrections sentence on or about January 7, 2013 and a new charge filed against him, he would be transferred to a County Jail within 60 days. The court reminded Mr. Coad that he is required to keep the court advised of his current address. (*See id.*).

Defendant McBride filed a Motion for Summary Judgment on December 18, 2012. (*See* Doc. # 85). The court directed Mr. Coad to respond to the Motion for Summary Judgment on or before January 18, 2013. (*See* Doc. # 86). On January 2, 2013, Mr. Coad filed a "Motion to Deny Motion for Summary Judgment," seeking discovery "in order to properly respond to any motions for summary judgment" and a letter asserting that he had "not received any type of response from either Defendant" to discovery requests he served "on November 16th, 2012." (*See* Docs. # 89, # 90).

By an Order dated January 7, 2013, the court set a Status Conference on January 29, 2013 at 10:45 a.m. to address the issues raised in Mr. Coad's January 2, 2013 filings. (*See* Doc. # 91). The court mailed a copy of the Order to Mr. Coad at his address of record with the court. (*See* Doc. # 91, Notice of mailing; Doc. # 88 (Mr. Coad's notice of change of

address upon release from incarceration)).  The court's records indicate that Mr. Coad's copy of the Order was returned in the mail as undeliverable, marked "RELEASED/PAROLED." (*See* Doc. # 95).  Also on January 7, 2013, the court e-mailed notice of the Status Conference to the Colorado Department of Corrections for purposes of scheduling Mr. Coad to appear via telephone. The court received a response via e-mail from the Colorado Department of Corrections on January 7, 2013, stating "[t]his offender paroled to a detainer through Westminster Parole today 1/7/13."  The court's independent review of the Colorado Department of Corrections Inmate Locator website on January 29, 2013 revealed Mr. Coad was on parole through the "Southeast Region."

The court held the Status Conference on January 29, 2013 at 10:45 a.m.  Defendants appeared through counsel.  Mr. Coad did not appear.  On January 30, 2013, the court issued an Order to Show Cause pursuant to D.C. COLO. LCivR 41.1 of the Local Rules of Practice of the United States District Court for the District of Colorado.  (*See* Doc. # 98).  The court directed Mr. Coad to show cause in writing on or before February 27, 2013 why this civil action should not be dismissed for his failure to appear at the Status Conference held on January 29, 2013, failure to file notice with the court pursuant to D.C. COLO. LCivR 10.1 M. within five days after any change of address, failure to comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and a court order, and failure to prosecute this action.  (*See id.*).  The court advised Mr. Coad that "failure to adequately respond to this Order to Show Cause on or before Wednesday February 27, 2013 may result in a Recommendation to the District Judge that this civil action be dismissed without further notice."  (*See* Doc. # 98).  As of this date Mr. Coad has not responded to the court's Order to Show Cause.

Defendant Waters filed a "Motion to Dismiss Based on the Fugitive Disentitlement

Doctrine" on January 31, 2013 and Defendant McBride joined in the Motion. (*See* Docs. # 99, # 100). By a Minute Order dated February 1, 2013, the court directed Mr. Coad to file any response to Defendant Waters's Motion to Dismiss on or before January 23, 2012. (*See* Doc. # 27). To date Mr. Coad has not filed a response to the Motion.

The court's records reflect that Mr. Coad's copies of the Courtroom Minutes/Minute Order (Doc. # 97), the court's Order to Show Cause (Doc. # 98), and the court's Order setting a deadline to respond to Defendant Waters's Motion to Dismiss were returned to the court in the mail as undeliverable, marked "RELEASED/PAROLED." (*See* Docs. # 103, # 104, # 105). Information filed with the court on January 31, 2013 indicates that Mr. Coad was released on parole effective January 7, 2013. (*See* Parole Order (Doc. # 99-1)). He was released to the Fremont County Jail on a detainer for an additional criminal charge. (*See id.*). After he posted bond in the Fremont County case on January 15, 2013, Mr. Coad was required to immediately report to his assigned Parole Officer in Cañon City, Colorado. (*See id.*). When Mr. Coad did not report to his Parole Officer, a Parole Complaint and a Warrant of Arrest were issued. (*See* Complaint (Doc. # 99-2); Warrant of Arrest (Doc. # 99-3)).

Mr. Coad has failed to appear at the Status Conference held on January 29, 2013, failed to file notice with the court pursuant to D.C. COLO. LCivR 10.1 M. within five days after any change of address, failed to comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and court orders, failed to respond to the court's January 30, 2013 Order to Show Cause, and failed to prosecute this action. Mr. Coad has not contacted the court or participated in this case in any way since January 2, 2013. Based on these instances of noncompliance, this civil action may be dismissed with or without prejudice. *See AdvantEdge Business Group v. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks and citation

4

omitted) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008)  ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court."). *See also* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."); *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute. . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); D.C.COLO.LCivR 41.1 ("If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.").

When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Business Group*, 552 F.3d at 1236 (internal quotation marks and citation omitted).  Here, the court recommends dismissal without prejudice.  The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *Id.* (citation omitted).  While the court is not convinced that it is required to *sua sponte* identify and apply the appropriate limitations period and possible tolling provisions applicable to Mr. Coad's remaining claims, the court notes that Mr. Coad brings the claims in his Second Amended Complaint pursuant to 42 U.S.C. § 1983.  Section 1983 claims are subject to the most appropriate state statute of limitations. *Mismash v.*

5

*Murray City*, 730 F.2d 1366, 1367 (10th Cir. 1984); *Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994).  Colorado law provides a two-year statute of limitations for actions brought pursuant to § 1983.  *See* Colo. Rev. Stat. § 13-80-102(g) (establishing a two-year limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir.1993) (applying § 13-80-102 to § 1983 claim).

      The determination of when a § 1983 action accrues is controlled by federal rather than state law.  *Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000) (citation omitted).  "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir.1991) (internal quotation marks and citation omitted).  "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of injury which is the basis of his action." *Industrial Constructors Corp.*, 15 F.3d at 969.  District Judge Brimmer limited Mr. Coad's amended pleading to the events of December 16, 2009 and Mr. Coad alleges that the events that form the basis of his claims occurred on December 16, 2009.  (*See* Doc. # 71 at 7 of 8; Doc. # 72 at 3, 4 of 9).  While Mr. Coad has not addressed the possible running of a statute of limitations or identified any applicable limitation periods or tolling provisions, the two-year statute of limitations for his claims appears to begin to run on December 16, 2009 and his claims could be barred should this case be dismissed even without prejudice.

      "The non-exhaustive list of factors" that the court should consider when dismissing a case include: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court

6

warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *AdvantEdge Business Group*, 552 F.3d at 1236 n. 2 (internal quotation marks and citations omitted). *See also Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (same) (citation omitted); *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria."); *EBI Securities Corp., Inc. v. Hamouth*, 219 F.R.D. 642, 647 (D. Colo. 2004) (citation omitted). "The factors do not create a rigid test but are simply criteria for the court to consider." *Gripe*, 312 F.3d at 1188 (citation omitted). "Dismissal is warranted where the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Ramon v. City and County of Denver*, No. 08-cv-00433-CMA-KMT, 2011 WL 222319, *2 (D. Colo. Jan. 21, 2011) (internal quotation marks and citation omitted).[1]  Applying the factors to this case, the court concludes that dismissal is an appropriate sanction.

    First, Mr. Coad's noncompliance in prosecuting the case has caused actual prejudice to Defendants' ability to defend. Defendants have been prejudiced by Mr. Coad's failure to appear at the Status Conference that was set to address his allegations regarding Defendants' discovery violations. Defendants have also been prejudiced by Mr. Coad's failure to respond to their Motions, failure to comply with or respond to the court's orders, and failure to prosecute this case. Defendants have been unable to obtain prompt adjudication of their Motions and the claims against them or to prepare for a trial. Mr. Coad's noncompliance has caused Defendants to expend time and resources filing motions to which he has not responded and attending a hearing at which he did not appear. Such prejudice is sufficient to

---

[1] Copies of unpublished cases cited are attached to this Recommendation.

justify dismissal under Rules 37 and 41.  *See Gomez v. Dillon Companies, Inc.*, No. 09-cv-00676-REB-KLM, 2010 WL 1644610, at * 3 (D. Colo. Apr. 22, 2010) (delay and expense caused by plaintiff's failures that blocked defendant's ability to conduct complete discovery, delayed the resolution of the case, and forced defendant to incur significant attorney fees and costs in an effort to obtain discovery satisfied the first factor);  *Armstrong v. Swanson*, No. 08-cv-00194-MSK-MEH, 2009 WL 1938793, *4 (D. Colo. July 2, 2009) (finding "significant prejudice" to defendants where plaintiff failed to respond to communications and participate in discovery, which prolonged the litigation and deprived the defendants "of a prompt opportunity to have the claims against them adjudicated").  The first factor weighs in favor of dismissal.

Second, Mr. Coad's failure to comply with court orders has interfered with the judicial process.  "Progress toward the resolution of [the] case has been brought to a standstill" by his delinquent conduct.  *Gomez*, 2010 WL 1644610, at * 3.  Mr. Coad's conduct has impaired the court's ability to ensure compliance with the Federal Rules of Civil Procedure, the Local Rules for the District Court for the District of Colorado, and its own orders.  "[I]f a party 'could ignore court orders . . . without suffering the consequences, then the district court cannot administer orderly justice, . . .' "  *EBI Securities Corp.*, 219 F.R.D. at 647 (internal quotation marks and citation omitted).  *See also Armstrong*, 2009 WL 1938793, at *4 (finding prejudice to the judicial system where plaintiff's neglect forced the Magistrate Judge to adjudicate a motion to compel, issue an Order to Show Cause, and entertain several motions to extend deadlines as a result of plaintiff's failure to participate in discovery).  The second factor also weighs in favor of dismissal.

Third, the record is clear that Mr. Coad alone is responsible for failing to comply with his obligations in this litigation.  Mr. Coad has not indicated that his noncompliance with the

8

orders and rules of this court was inadvertent or due to an inability to comply. *See Armstrong*, 2009 WL 1938793 at *4 (finding plaintiff culpable when nothing in the record indicated external forces were to blame for plaintiff's failure to prosecute). Mr. Coad was notified of his obligations more than once and did not request any extension, demonstrate any need for an extension, or offer any explanation for his non-compliance. *See EBI Securities Corp. Inc.*, 219 F.R.D. at 647-48 (dismissal appropriate where parties were aware of their obligation to respond to discovery requests pursuant to a court order, but failed to do so "[c]onsistent with their dilatory and uncooperative conduct throughout this action . . ."). The record supports a finding that Mr. Coad's noncompliance with the orders and rules of this court was willful. *See M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872-73 (10th Cir. 1987) (A willful failure is "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.") (internal quotation marks and citation omitted). Thus, the third factor also weighs in favor of dismissal.

Fourth, Mr. Coad was adequately notified that dismissal was a possible sanction for noncompliance with local or federal procedural rules or court orders. The court warned him that "failure to adequately respond to this Order to Show Cause . . . may result in a Recommendation to the District Judge that this civil action be dismissed without further notice." (See Doc. # 98 at 4 of 4). Further, "[t]he Federal Rules of Civil Procedure, as well as local rules of court, give ample notice to litigants of how to properly conduct themselves." *Hal Commodity Cycles Management Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987). Defendant Waters' Motion to Dismiss (Doc. # 99) also constitutes notice of potential dismissal. *See Smith v. City and County of Denver*, 2009 WL 485163, *3 (D. Colo. 2009) (finding defendants' warning to plaintiff in their motion to dismiss was adequate). *See also Gross v. General Motors LLC*, No. 08-3236, 441 F. App'x 562, 565 (10th Cir. Oct. 6, 2011)

9

(constructive notice sufficient to satisfy the notice element of the *Ehrenhaus* factors).  The fourth factor also weighs in favor of dismissal.

Finally, the record shows that there is no lesser sanction that is appropriate under the circumstances.  The court's previous orders have not produced compliance by Mr. Coad.  It would be pointless to impose any lesser sanction on Mr. Coad, who has repeatedly failed to abide by the rules and orders of the court and failed to advance this case.  *See Armstrong*, 2009 WL 1938793 at *5 (finding lesser sanctions are insufficient where plaintiff repeatedly failed to comply with discovery obligations).  The court concludes that it is highly unlikely that monetary sanctions will have any effect.  "[T]he imposition of lesser sanctions is not mandatory."  *Hobratschk v. Perretta*, 2000 WL 313530, *2 (10th Cir. 2000) (internal quotations marks and citation omitted). The fifth factor also weighs in favor of dismissal of the Second Amended Complaint.

Accordingly, IT IS RECOMMENDED that this civil action be dismissed without prejudice for Mr. Coad's failure to appear at the Status Conference held on January 29, 2013, failure to comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and court orders, failure to respond to the court's January 30, 2013 Order to Show Cause, failure to file notice with the court pursuant to D.C. COLO. LCivR 10.1 M. within five days after any change of address, and failure to prosecute this action.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

    DATED at Denver, Colorado, this 5th day of April, 2013.

                                          BY THE COURT:

                                          s/Craig B. Shaffer
                                          United States Magistrate Judge